IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRANDEN ROBERTS,

    Plaintiff,

       v.                                            No. CIV 14-0069 KG/LAM

ALLEN BANKS, CHIEF APD,
C.D. BAKER #3034,
D. MARTINEZ #5212,
K. RAMOS, #5222,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). Because the Court grants IFP, the filing fee for this civil rights complaint is $350.00. Under § 1915(b)(1), (2), Plaintiff must pay the full amount of the filing fee in installments. Based on the information in Plaintiff's filings, the Court will waive the initial partial payment pursuant to § 1915(b)(1). For reasons set out below, the Court will dismiss certain of Plaintiff's claims.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff alleges that, during his arrest by Albuquerque police officers, he was kicked in the head. He contends that Defendants' actions amounted to excessive force and caused him pain and emotional distress. For relief, the complaint seeks damages.

The complaint names four Defendants but does not specifically identify the officer(s) who kicked him. On the second page of an exhibit attached to the complaint, Plaintiff indicates that Defendants Martinez and Ramos are "suspected officer[s]." The complaint makes no allegations against Defendants Banks and Baker and thus fails to affirmatively link them to the asserted violation. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* "[T]o present a plausible right to relief . . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (internal citations omitted). The Court will dismiss Plaintiff's claims against Defendants Banks and Baker.

IT IS THEREFORE ORDERED that Plaintiff's Application to Proceed in District Court

Without Prepaying Fees or Costs (Doc. 7) is GRANTED, and an initial partial payment is waived;

IT IS FURTHER ORDERED that Plaintiff make monthly installment payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why payment should be excused;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Banks and Baker are DISMISSED, and Defendants Banks and Baker are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that that the Clerk is directed to issue notice and waiver of service forms, with copies of this Order and the complaint, for Defendants Martinez and Ramos.

_____
UNITED STATES DISTRICT JUDGE