IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRANDEN ROBERTS,

    Plaintiff,

v.                                                                                                    No. CV 14-069 KG/LAM

D. MARTINEZ and K. RAMOS,

    Defendants.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

**THIS MATTER** is before the Court on Defendant Martinez' motion to dismiss Plaintiff's § 1983 complaint [*Doc. 12*], filed on July 1, 2014. Plaintiff filed a response to the motion on July 10, 2014 [*Doc. 13*], and Defendant Martinez filed a reply on August 1, 2014 [*Doc. 15*]. This matter is also before the Court on Plaintiff's motion to submit a picture into evidence [*Doc. 11*] and motion for discovery and for a jury trial [*Doc. 14*], and Defendant Martinez' response to Document 14 [*Doc. 17*]. United States District Judge Kenneth J. Gonzales referred the claims raised in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 3*]. Having considered the parties' submissions, relevant law, and the record in this case, the undersigned, for the reasons set forth below, recommends that: (1) Defendant Martinez' motion to dismiss [*Doc. 12*] and Plaintiff's motion to submit a picture into evidence [*Doc. 11*] be **DENIED without prejudice**; (2) Plaintiff's motion for discovery and

---

[1] **Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

for a jury trial be **GRANTED** as to the request for a jury trial and **DENIED without prejudice** as to the request for discovery; and (3) Plaintiff be ordered to file a notice with the Court clarifying his claim and stating whether he wishes to pursue his claim against Defendant Ramos.

## *Background*

Plaintiff is proceeding *pro se* and *in forma pauperis*, and was incarcerated when he initiated this case on January 24, 2014, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (*Doc. 1*).  Plaintiff alleges that, on April 5th (Plaintiff does not state which year) around 2:00 a.m., during his arrest by Albuquerque police officers, an unidentified officer kicked him in the head while Plaintiff was handcuffed and on his stomach. [*Doc. 1* at 2]. Plaintiff brings a claim for excessive force and seeks damages. *Id.* at 3 and 5. Plaintiff named four Defendants in his complaint (*id.* at 1), and attached a "Supplementary Offense Report" dated April 15, 2013, on which Officers Martinez' and Ramos' names are listed and Plaintiff wrote "suspected officer" by each of their names (*id.* at 8).

On May 6, 2014, after consideration of Plaintiff's claims under 28 U.S.C. § 1915(e)(2) and Rule 12(b)(6), the presiding judge in this case entered a Memorandum Opinion and Order which dismissed Defendants Banks and Baker because Plaintiff made no allegations against them and, therefore, failed to affirmatively link them to the asserted constitutional violation. *See* [*Doc. 9* at 1-2]. The presiding judge noted that Plaintiff listed Defendants Martinez and Ramos as "suspected officer[s]," and ordered that the Clerk issue notice and waiver of service forms for Defendants Martinez and Ramos. *Id.* at 2-3.

On May 28, 2014, Defendant Martinez filed an executed waiver of service form (*Doc. 10*) and, on July 1, 2014, Defendant Martinez filed his motion to dismiss (*Doc. 12*). No waiver of

service form has been returned as to Defendant Ramos, and Defendant Ramos has not filed a responsive pleading in this case.

### *Defendant Martinez' Motion to Dismiss*

Defendant Martinez contends that Plaintiff has not alleged beyond conclusory and speculative allegations that Defendant Martinez was personally involved in the alleged constitutional infraction. [*Doc. 12* at 3]. Defendant Martinez notes that Plaintiff states that he was arrested on April 5, but does not state what year, and that the Supplementary Offense Report attached to Plaintiff's complaint is dated April 15, 2013. *See* [*Doc. 1* at 2 and 7-8]. Defendant Martinez states that "Plaintiff's complaint fails to overcome Defendant[ Martinez'] presumption of immunity." [*Doc. 12* at 3-4]. Defendant Martinez, therefore, asks the Court to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6).

In response, Plaintiff states that his complaint should not be dismissed because he was kicked in the head while his hands were cuffed behind his back. [*Doc. 13* at 2]. Plaintiff states that Defendant Martinez was the officer who kicked him. *Id.* at 3. Plaintiff also asks the Court to enter a default judgment because the defendants have not filed an answer to the complaint. *Id.* at 5. In his reply, Defendant Martinez contends that Plaintiff's request for default judgment should be denied because a party may file a motion pursuant to Fed. R. Civ. P. 12(b)(6) in lieu of filing an answer. [*Doc 15*].

The Court may dismiss a complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and

internal quotation marks omitted).   In reviewing a motion to dismiss, "all well-pleaded allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party."   *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011) (citation and internal quotation marks omitted).   "In resolving a motion to dismiss based on qualified immunity, a court must consider whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of defendant's alleged misconduct."   *Id.* at 1164 (citation and internal quotation marks omitted).

Plaintiff alleges that an officer used excessive force while arresting him because one of them kicked him in the head while he was handcuffed and face down on the ground.   [*Doc. 1* at 2].   Defendant Martinez contends that he is entitled to qualified immunity with regard to Plaintiff's claim.   [*Doc. 12* at 3-4].   To determine whether an officer used excessive force during an arrest, the Court must consider three factors: "(1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether [the suspect] is actively resisting arrest or attempting to flee."   *Morris v. Noe*, 672 F.3d 1185, 1195 (10th Cir. 2012) (citation omitted).   The Court has already conducted an initial determination of whether Plaintiff's claim withstands Rule 12(b)(6) scrutiny as part of its consideration of Plaintiff's motion to proceed *in forma pauperis*, and concluded that Plaintiff has made sufficient allegations to proceed against Defendants Martinez and Ramos.   *See* [*Doc. 9*].   The Court is unable to determine at this time whether Defendant Martinez is entitled to qualified immunity for Plaintiff's claim because it is not clear for what crime Plaintiff was arrested,[2] whether he posed an

---

[2] While the "Supplementary Offense Report" attached to Plaintiff's complaint states that the offense was "Shoot at/From MV Result No Harm," it is not clear from Plaintiff's complaint whether this offense report is the one underlying Plaintiff's claim since Plaintiff states that his date of arrest was April 5th (with no year), and this supplemental report is dated April 15, 2013.   [*Doc. 1* at 7].

immediate threat to the safety of the officers or others, or whether he was actively resisting arrest or attempting to flee.   For these reasons, and because the Court is required to construe Plaintiff's pleadings liberally and allow him a reasonable opportunity to remedy the defects in his pleadings (*see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)), the Court recommends that Defendant Martinez' motion to dismiss be denied at this time without prejudice.   After further information is provided by Plaintiff and, if necessary, Defendants, Defendant Martinez may file another dispositive motion.

The Court finds that Plaintiff's request that a default judgment be entered because Defendants have not filed an answer (*see Doc. 13* at 5) is without merit for two reasons.   First, this request is raised in a responsive pleading, which is not the proper procedure by which to ask the Court for relief.   *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").   Second, Defendant Martinez' motion to dismiss was properly filed prior to filing an answer pursuant to Rule 12.   *See* Fed. R. Civ. P. 12(b) (stating that a motion asserting one of the defenses under Rule 12(b) must be filed before filing a responsive pleading).   To the extent Plaintiff is referring to Defendant Ramos' failure to return an executed waiver of service form or file a responsive pleading, the Court addresses Defendant Ramos' future participation in this case below.

### *Notice to the Court Clarifying Claim and Regarding Defendant Ramos*

Plaintiff's claim refers only to the date "April 5th," but Plaintiff attaches a report dated April 15, 2013.   *See* [*Doc. 1* at 2 and 7-8].   It is not clear from the record before the Court whether this report refers to the same offense as the one Plaintiff states occurred on April 5th. Plaintiff also does not state the crime for which he was arrested that led to the alleged excessive

force. Because the Court needs supplemental information to address Plaintiff's claims, the Court further recommends ordering Plaintiff to clarify his claim by notifying the Court and Defendants of the date and year of his arrest, and the crime for which he was arrested. With this information, the Court can order supplemental information to be provided through a *Martinez* report. *See Martinez v. Aaron*, 570 F.2d 317, 319-320 (10th Cir. 1978) (explaining that the Court may order Defendants to investigate the incident or incidents underlying Plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or a legal basis for determining whether Plaintiff has a meritorious claim), and *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987) ("[T]he district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal discipline rules and reports.").

In addition, the Court notes that Defendant Ramos has not returned an executed waiver of service form, and has not filed a responsive pleading in this case, despite having been mailed notice and waiver of service forms pursuant to the Court's Order entered on May 6, 2014 [*Doc. 9*]. However, the Court further notes that, in Plaintiff's response to Defendant Martinez' motion to dismiss, Plaintiff appears to limit his claim to the actions of Defendant Martinez. *See* [*Doc. 13* at 3] (stating that Defendant Martinez was the officer who kicked Plaintiff). Therefore, the Court recommends that Plaintiff be further ordered to notify the Court regarding whether he still wishes to pursue his claim against Defendant Ramos. If Plaintiff now contends that Defendant Martinez was the officer who kicked him, Plaintiff's claim against Defendant Ramos may be subject to dismissal for failure to allege participation by Defendant Ramos in the alleged constitutional offense.

*Plaintiff's Motions*

Next, the Court considers Plaintiff's motion to submit a picture into evidence [*Doc. 11*] and motion for discovery and for a jury trial [*Doc. 14*]. In response to Plaintiff's motion for discovery and for a jury trial, Defendant Martinez states that he "does not object to allowing this case to be heard by a jury in the event that the case is not dismissed," but he does object to Plaintiff's motion for discovery because it is premature under Fed. R. Civ. P. 26(d). [*Doc. 17* at 1].

The Court finds that Plaintiff's requests to submit a picture into evidence and for discovery are premature at this time because the Court may order a *Martinez* report based on Plaintiff's notification to the Court regarding his claim, and this report may provide the evidence needed to resolve Plaintiff's claim. Therefore, the Court recommends denying these requests without prejudice. However, because Defendant Martinez does not oppose Plaintiff's request for a jury trial should this case reach that stage, and because the Court has not found that there is no federal right to a jury trial (*see* Fed. R. Civ. P. 39(a)(2)), the Court recommends granting Plaintiff's motion for a jury trial in the event this case reaches trial.

## RECOMMENDED DISPOSITION

For the foregoing reasons, the Court recommends that: (1) Defendant Martinez' motion to dismiss [*Doc. 12*] and Plaintiff's motion to submit a picture into evidence [*Doc. 11*] be **DENIED without prejudice**; (2) Plaintiff's motion for discovery and for a jury trial be **GRANTED** as to the request for a jury trial and **DENIED without prejudice** as to the request for discovery; and (3) Plaintiff be ordered to file a notice with the Court stating the date and year of his arrest and the

crime for which he was arrested, and stating whether he wishes to pursue his claim against Defendant Ramos.

                                                                   **LOURDES A. MARTÍNEZ**
                                                                   **UNITED STATES MAGISTRATE JUDGE**