IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**BRANDEN ROBERTS,**

    **Plaintiff,**

v.                                                            No. CV 14-069 KG/LAM

**D. MARTINEZ,**

    **Defendant.**

## ORDER TO FILE A *MARTINEZ* REPORT AND SETTING DEADLINES FOR A DISPOSITIVE MOTION

**THIS MATTER** is before the Court *sua sponte* following a review of the record. Plaintiff's remaining claim is against Defendant Martinez for excessive force during Plaintiff's arrest on April 5, 2013 for Conspiracy and Tampering with Evidence. *See* [*Doc. 24*] (order adopting PF&RD). Because Plaintiff is proceeding *pro se* and is a prisoner, and because the Court needs further information to evaluate the merits of his claims against Defendant, the Court will require Defendant to prepare a *Martinez* report to assist the Court in evaluating Plaintiff's claim against him. The Court will also require Defendant to prepare and file a dispositive motion, including any assertion of qualified immunity, to assist the Court in evaluating Plaintiff's claim. Under *Martinez v. Aaron*, 570 F.2d 317, 319-320 (10th Cir. 1978), this Court may order a defendant to investigate the incident or incidents underlying a plaintiff's lawsuit and submit a report of the investigation in order to develop a factual or a legal basis for determining whether the plaintiff has a meritorious claim. *See, e.g., Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987) ("[T]he district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their

response by affidavits and copies of internal discipline rules and reports."). A *Martinez* report may be used in a variety of contexts, including a motion for summary judgment or *sua sponte* entry of summary judgment.  When a *Martinez* report is used for summary judgment purposes, the *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set forth in the report.  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

**IT IS THEREFORE ORDERED** that:

1.	Defendant Martinez shall prepare a *Martinez* report addressing Plaintiff's claim for excessive force, as follows:

a.	The *Martinez* report shall set forth the facts needed to resolve the claim including, but not limited to: the names of any officials and other persons who dealt directly with Plaintiff concerning the matters that are the subject of his claim or who have knowledge of such matters; whether any records or documents exist pertaining to such matters and, if so, a description of those records and documents and of their contents; and whether any policies, procedures, rules or regulations address the matters that are the subject of his claim and, if so, a description of those policies, procedures, rules or regulations and their contents;

b.	The *Martinez* report shall include copies of all records and documents pertaining to the matters referred to in the foregoing sub-paragraph "a," and shall include affidavits in support of the report, if necessary;

c.	The records and documents submitted with the report may be submitted simultaneously with the report, but the submission of records and documents alone, or records and documents submitted with an index but without an accompanying report, shall not be considered in compliance with this order;

d.  All records and documents submitted with the *Martinez* report must be submitted with an index.  The index must identify each record and document submitted, by number, and each record and document must be marked with a tab or label showing its number. Additionally, the report and each record and document submitted with the report must have its pages numbered using a Bates stamp, or similar numbering system, that numbers each page consecutively/

e.  The report, and all records and documents submitted with the report, must be clear and legible.   In addition to the copies that are filed with the Court and served on Plaintiff, **a complete copy of the filed report must be provided to the chambers of Lourdes A. Martinez, United States Magistrate Judge,** in a binder that is fully tabbed to correspond to the index and exhibit labels, and includes the CM-ECF page numbers appearing in the header of the filed report;

f.  THE PARTIES SHALL FILE THEIR *MARTINEZ* REPORT DOCUMENTS AS SEPARATE DOCUMENTS AND SHALL NOT COMBINE THEIR MARTINEZ REPORT DOCUMENTS WITH ANY MOTION, RESPONSE TO A MOTION OR REPLY IN SUPPORT OF A MOTION.  THE PARTIES SHALL CITE TO THE *MARTINEZ* REPORT IN ANY DISPOSITIVE MOTIONS THEY FILE;

g.  Defendant Martinez shall file and serve his *Martinez* report and dispositive motion **on or before December 8, 2014**;

h.  Plaintiff shall file and serve his response to the *Martinez* report and his response to Defendant Martinez' dispositive motion **on or before December 26, 2014**; and

      i.      Defendant Martinez shall file and serve his replies, if any, to Plaintiff's responses on or before **January 12, 2015**.

**THE PARTIES ARE HEREBY GIVEN NOTICE** that the *Martinez* report may be used in deciding whether to grant summary judgment on Plaintiff's claim, whether by motion or *sua sponte*. As such, the parties should submit whatever materials they consider relevant to Plaintiff's claim and Defendant Martinez' defenses in their submissions related to the *Martinez* report including, but not limited to, any counter-affidavits or other responsive material. *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991).

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**